UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U'SAGAIN, LLC,<br><br>    Plaintiff,<br>v.<br>CITY OF LOS ANGELES,<br><br>    Defendant. | Case No.: CV 24-6210-CBM-BFMx<br><br>**ORDER RE: PRELIMINARY INJUNCTION** |

The matters before the Court are the parties' briefs regarding the order to show cause re: preliminary injunction. (Dkt. Nos. 19, 20.)

## I.    BACKGROUND

This is an action brought by Plaintiff U'SAgain LLC on July 24, 2024 against the City of Los Angeles to enjoin the Los Angeles Municipal Ordinance #187248 (the "Ordinance") which regulates collection bins in the City of Los Angeles. (*See* Compl. Ex. 2.) The Complaint asserts five causes of action: (1) violation of the First Amendment (free speech); (2) violation of the First Amendment by Imposing a Prior Restraint on Speech; (3) violation of the Fourteenth Amendment; (4) violation of Article 1, Section 2 of the California Constitution; and (5) violation of Article 1, Section 7 of the California Constitution. The Complaint alleges on July 1, 2024, the City issued "Orders to Comply" to Plaintiff for violating the Ordinance as to its collection bins located at:

1

(1) 6600 Topanga Canyon Blvd., (2) 19350 W. Nordhoff St., (3) 9301 Tampa Ave., (4) 19350 W. Rinaldi St., and (5) 8840 Corbin Ave; and set a compliance date for July 31, 2024. (*Id*. Ex. 3.)

The Court denied Plaintiff's first request for a temporary restraining order because Plaintiff failed to file a proof of service and did not identify its efforts to give notice to Defendant as required under Fed. R. Civ. P. 65(b). (Dkt. No. 12.) On July 31, 2024, Plaintiff filed a second request for a temporary restraining order and a proof of service. (Dkt. Nos. 13, 14.) On July 31, 2024, the Court granted the second request for a temporary restraining order (the "TRO"), ordered Defendant to show cause why a preliminary injunction should not be issued, and ordered Plaintiff to file a reply. (Dkt. No. 15.) On August 13, 2024, after the matter was fully briefed, the Court heard oral arguments during which Defendant agreed the TRO would remain in full force and effect until the Court issued its ruling re: a preliminary injunction. (Dkt. No. 24.) *See* Fed. R. Civ. P. 65(b).

## II. STATEMENT OF THE LAW

A party seeking a preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities is in its favor, and (4) injunctive relief is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Alternatively, "a party is entitled to a preliminary injunction if it demonstrates (1) serious questions going to the merits, (2) a likelihood of irreparable injury," (3) a balance of hardships that tips sharply towards the plaintiff, and (4) the injunction is in the public interest." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (internal quotations and citations omitted).

## III. DISCUSSION

**A.    Request for Judicial Notice**

Defendants requests that the Court take judicial notice of the following:

1. January 22, 2018 Department of City Planning Recommendation Report, included in Los Angeles City Council file 14-0611 (Ex. A);

2. March 10, 2021 report from the Office of the City Attorney regarding "Draft Ordinance Amending Section 12.03, 12.21, 12.26, 14.4.2, and 98.0402 of the Los Angeles Municipal Code to Establish Operational, Aesthetic, and Maintenance Regulations for Collection Bins, included in Los Angeles City Council file 14-0611 (Ex. B);

3. CalRecycle Form 770, Certification Application for Recycling Centers and Processors, available at https://calrecycle.ca.gov/bevcontainer/forms/ (Ex. C);

4. City of Los Angeles Form Gen. 187, Solid Waste Hauler/Contractor Permit Application, available at https://www.lacitysan.org/san/faces/home/portal/s-lsh-wwd/s-lsh-wwd-s/s-lsh-wwd-s-c/s-lsh-wwd-s-c-whp?_adf.ctrl-state=pd86vmwoj_5&_afrLoop=39729234114650098# (Ex. D);

5. List of Permitted Waste Haulers in City of Los Angeles, available at https://www.lacitysan.org/san/faces/home/portal/s-lsh-wwd/s-lsh-wwd-s/s-lsh-wwd-s-c/s-lsh-wwd-s-c-whp?_adf.ctrl-state=pd86vmwoj_5&_afrLoop=39729234114650098# (Ex. E);

6. Excerpts from Los Angeles City Council File for Ordinance No. 176840 (Ex. F);

7. Los Angeles Municipal Code Section 12.03 (Ex. G); and

8. Excerpts from Los Angeles Municipal Code Section 12.21 (Ex. H).

(Dkt. No. 19-1 ("RJN").) Plaintiff did not oppose Defendant's request for judicial notice. The Court grants Defendant's request for judicial notice because Exhibits A-H are matters of public record or information posted on government websites, and neither party disputes their authenticity. *See* Fed. R. Civ. P. 201; *Tollis, Inc. v. Cnty. of San Diego*, 505 F.3d 935, 938, n.1 (9th Cir. 2007); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025, n.2 (9th Cir. 2006); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *Estate of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F. Supp. 2d 997, 1003-04 (N.D. Cal. 2012).

**B.     Likelihood of Success on the Merits**

Plaintiff contends the Ordinance violates its First Amendment free speech

rights.¹ Here, Plaintiff's collection bins implicate the First Amendment and are protected speech rather than commercial speech because they are charitable solicitations which constitute "speech seeking support for particular causes." *Nat'l Fed'n of the Blind of Texas, Inc. v. Abbott*, 647 F.3d 202, 213 (5th Cir. 2011) (citing *Schaumburg v. Citizens for a Better Env't*, 444 U.S. 620, 632 (1980)); *see also Planet Aid v. City of St. Johns, Mich.*, 782 F.3d 318, 325-26 (6th Cir. 2015); *Linc-Drop, Inc. v. City of Lincoln*, 996 F. Supp. 2d 845, 855 (D. Neb. 2014) (citing *Abbott*, 647 F.3d at 212–13; *Schaumburg,* 444 U.S. at 632).² Therefore, the Court must determine whether the ordinance is content neutral or content based. *See Recycle for Change*, 856 F.3d at 669.

The Ordinance defines "collection bin" as "[a]ny box, canister, receptacle, or other container that can be opened and closed, and is used for collecting salvageable personal property, including, but not limited to, clothing, shoes, books, and household items for periodic off-site processing and/or redistribution. For purposes of this definition, salvageable personal property **_shall not include recyclable materials not intended for re-use_**, including, but not limited to, newspapers, plastic, glass, aluminum, electronics, toxic or hazardous materials, and solid waste; nor any personal property that, because of its size, does not fit inside the Collection Bin." (Ordinance, Section 1 (emphasis added).) Plaintiff argues the Ordinance is viewpoint discriminatory "because it subjects unattended collection bins collecting for reuse to significantly more stringent placement and size restrictions than unattended collection bins collecting for recycling," and thus

---

¹ Plaintiff's request for a temporary restraining order only addressed Plaintiff's First Amendment free speech claim, and did not address Plaintiff's equal protection claims or claims under the California Constitution.

² Contrary to Defendant's contention, the Ninth Circuit did not find in *Recycle for Change v. City of Oakland*, 856 F.3d 666 (9th Cir. 2017), that collection bins do not implicate the First Amendment. Rather, the Ninth Circuit assumed that the First Amendment was implicated because the parties in that case did not dispute that the donation boxes "constitute expression." *Recycle for Change*, 856 F.3d at 669.

contends the Ordinance is content-based "since differential treatment is afforded to collection bins based on the content of the receptable's speech." However, the Ordinance regulates collection bins "without regard to the charitable or business purpose." *Recycle for Change*, 856 F.3d at 673. Therefore, the Court finds the Ordinance is not content based or viewpoint based because it does not discriminate on the basis of communicative content. *See id*. at 671-72 (citing *Schaumburg*, 444 U.S. at 632); *see also Nat'l Fed'n of the Blind of Texas, Inc. v. City of Arlington, Texas*, 109 F.4th 728, 734-35 (5th Cir. 2024).[3]

      Because the Ordinance is content neutral, the Court must "ask whether there is evidence that [the City] passed the Ordinance with an intent to burden [Plaintiff's] charitable message." *Recycle for Change*, 856 F.3d at 673. "Strict scrutiny is the appropriate level of review if the Ordinance 'cannot be justified without reference to' [Plaintiff's] charitable message, or if the Ordinance '[was] adopted ... because of disagreement with' [Plaintiff's] charitable message." *Id*. (citing *Reed v. Town of Gilbert*, 576 U.S. 155, 135 S.Ct. 2218, 2227, 192 L.Ed.2d 236 (2015)).

      Here, Plaintiff offers no "evidence that [the City] passed the Ordinance with an intent to burden [Plaintiff's] charitable message." *Id.* at 673 (emphasis added). Rather, the Ordinance expressly states its purpose "is to establish operational, aesthetic, and maintenance standards to ensure the placement of a Collection Bin does not negatively impact public health, safety, or welfare." (Ordinance, Section 2.) Moreover, the City offers evidence that in 2014, a Los Angeles City Councilmember moved for an ordinance regulating unattended collection boxes because "[m]any unattended collection boxes in the City [of] Los Angeles have become a nuisance, they are placed in the public right of way, property setbacks and parking lots, at times without the owner's consent. Left unmanaged, they

---

[3] *Cf. Reed*, 135 S.Ct. at 2227; *Planet Aid*, 782 F.3d at 324-30.

attract illegal dumping, graffiti and have become an additional source of blight in many areas of the city." (Defendant's RJN Ex. A at 22.) The City also submits a December 21, 2017 Recommendation Report prepared by the Department of City Planning for the City of Los Angeles which noted "[t]here are currently no regulations for collection bins in the City of Los Angeles. The lack of regulation has resulted in many problems, resulting in constituents from around the City voicing concern to their respective Council District representatives about improperly placed, and unmaintained collection bins." (*Id*. at 4.) The report further noted:

> Collection bins are often not regularly maintained or monitored, resulting in the overflow of donations, unauthorized access of donations, illegal dumping of trash, and the accumulation of hazardous materials. The lack of regular maintenance and upkeep can lead to further problems, such as the attraction of pests and vermin, and thus pose a danger to public health and safety. Additionally, bins are sometimes placed in inappropriate locations, such as within required parking spaces or setbacks, or in locations that block sight-lines of street signs and traffic signals. The obstruction of signs, signals, and points of ingress and egress creates unsafe conditions for vehicular and pedestrian circulation. Finally, collection bins often lack information about the operator/owner of the bin, and how the donations are intended to be used, resulting in confusion from those wishing to donate items.

(*Id*.) The report concluded:

> Establishing operational, aesthetic, and maintenance regulations for collection bins will improve the livability for residents throughout the City. Requiring permits for collection bins ensures that operators will be vetted and held responsible for issues that arise with their bins. Establishing regulations for collection bins helps to reduce the preponderance of blight and nuisance issues among bins, and helps to provide full information for users of the bins. The proposed ordinance [] seeks to introduce a regulatory framework for collection bins to address the concerns that were raised by residents and business owners in the City of Los Angeles. Thus, the regulations proposed for collection bins in this Code amendment are needed to promote responsible operation and attentive oversight of collection bins in the City of Los Angeles.

(*Id*. at 6.)

"Because the Ordinance does not, by its terms, discriminate on the basis of content, and there is no evidence that [the City] enacted the Ordinance with an

1 intent to burden [Plaintiff's] message of charitable solicitation or out of any
2 disagreement with that message, the Ordinance is content neutral." *Recycle for*
3 *Change*, 856 F.3d at 674. Therefore, strict scrutiny does not apply to the
4 Ordinance. *See id.* at 673-74 (citing *Reed*, 135 S.Ct. at 2227); *see also Nat'l*
5 *Fed'n of the Blind of Texas, Inc.*, 109 F.4th at 736.

6       Having found the Ordinance is content neutral, the Court must consider
7 whether the Ordinance "survives" intermediate scrutiny. *Recycle for Change*, 856
8 F.3d at 674 (citing *Wilson v. Lynch*, 835 F.3d 1083, 1096 (9th Cir. 2016)). "[A]
9 government regulation" satisfies intermediate scrutiny "[1] if it is within the
10 constitutional power of the Government; [2] if it furthers an important or
11 substantial governmental interest; [3] if the governmental interest is unrelated to
12 the suppression of free expression; and [4] if the incidental restriction on alleged
13 First Amendment freedoms is no greater than is essential to the furtherance of that
14 interest.'" *Id.* (quoting *United States v. O'Brien*, 391 U.S. 367, 377 (1968)).

15       As discussed above, the stated purpose of the Ordinance "is to establish
16 operational, aesthetic, and maintenance standards to ensure the placement of a
17 Collection Bin does not negatively impact public health, safety, or welfare."
18 (Ordinance, Section 2; *see also* RJN Ex. A at 4, 6.) The stated interests constitute
19 a substantial government interest and are unrelated to the suppression of Plaintiff's
20 speech. *See Recycle for Change*, 856 F.3d at 674–75; *Nat'l Fed'n of the Blind of*
21 *Texas, Inc.*, 109 F.4th at 736-37.

22       "In the context of content-neutral laws challenged under the First
23 Amendment, a regulation may be narrowly tailored even though it is 'not ... the
24 least restrictive or least intrusive means' of pursuing the substantial governmental
25 interest." *Recycle for Change*, 856 F.3d at 675 (quoting *Ward v. Rock Against*
26 *Racism*, 491 U.S. 781, 798 (1989)). "[T]he requirement of narrow tailoring is
27 satisfied so long as the . . . regulation promotes a substantial government interest
28 that would be achieved less effectively absent the regulation . . . [and s]o long as

7

the means chosen are not substantially broader than necessary to achieve the government's interest." *Id*.  Here, the Ordinance provides Collection Bins "shall only be located on lots in commercial zones that contain at least one operating business," "[n]o more than one Collection Bin shall be located on any lot," and "Collection Bins shall not be located:

>    (i)    Within 20 feet of any public right-of-way.
>    (ii)   Within 10 feet of any lot line adjoining another lot.
>    (iii)  Within 100 feet of any A- or R- zoned lot.
>    (iv)   Within any required landscaped area.
>    (v)    Within any area that will reduce the number or size of, or impede access to, any required parking spaces on the lot on which the Collection Bin is located.
>    (vi)   Within any area that will impede access to, or be located within, a trash enclosure area.
>    (vii)  Within any area that will impair the functioning of exhaust, ventilation, or fire extinguishing systems.

(Ordinance, Section 2.)  The Ordinance's restrictions on the location of collection bins is narrowly tailored because they are not substantially broader than necessary to achieve the stated goal of combating "nuisance and blight."  *Recycle for Change*, 856 F.3d at 675.  Plaintiff fails to demonstrate the Ordinance does not serve important governmental interests unrelated to the suppression of protected speech, nor demonstrate that the Ordinance does not "promote[] a substantial government interest that would be achieved less effectively absent the regulation" nor show the Ordinance is "substantially broader than necessary to achieve the government's interest." *Id*.  Therefore, the Court finds the Ordinance is narrowly tailored and leaves alternative avenues of communication for Plaintiff to express its message.  *See id.*; *Nat'l Fed'n of the Blind of Texas, Inc.*, 109 F.4th at 738-39.

      Accordingly, the Court finds the Ordinance survives intermediate scrutiny, and Plaintiff thus fails to demonstrate a likelihood of success or serious questions on the merits of its First Amendment claim.  *See Recycle for Change*, 856 F.3d at 674-75.

### C. Irreparable Harm

Plaintiff argues because it has demonstrated the existence of a colorable First Amendment claim, irreparable harm is clearly established. However, Plaintiff fails to demonstrate a likelihood of success on the merits of its First Amendment claim. Therefore, Plaintiff fails to demonstrate a likelihood of irreparable harm absent a preliminary injunction. *See* Winter, 555 U.S. at 22; *cf.* *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023).

### D. Balance of Equities and the Public Interest

Plaintiff also argues the balance of hardships and public interest weigh in favor of a preliminary injunction because the Ordinance violates Plaintiff's First Amendment rights, and the public has an interest in upholding free speech rights and preventing violation of a party's constitutional rights. However, Plaintiff fails to establish a likelihood of success on its First Amendment claim. Plaintiff thus fails to show the balance of hardships weighs in its favor and does not demonstrate the public has an interest in enjoining the Ordinance.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's request for a preliminary injunction. The TRO shall expire on the date of this Order.

**IT IS SO ORDERED.**

DATED: September 9, 2024.

HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE